I don't know if I'm pronouncing that correctly. Yes. Good morning. May it please the court. I'd like to reserve five minutes for rebuttal. All right. I'm Scott Bratton. I'm on behalf of the petitioner, Mr. Desai, in this matter. How many minutes did you say? Five minutes, Your Honor. The petitioner contends that in the instant case the board abused its discretion when it denied his motion to reopen. The petitioner requested reopening based on a vacated conviction that rendered him eligible for relief under former Immigration and Nationality Act Section 212C. Well, if it's a matter of just discretion, do we have jurisdiction? I believe that this court does have jurisdiction over this appeal. There's two grounds, I believe, for the board's decision in the case. The first is whether it had jurisdiction at all to consider a motion to reopen of someone that's departed the United States. And second... So it's the application of the departure bar? Yes, the application of the departure bar. And then second, the request to reopen was made sua sponte, which is obviously in the discretion of the board in order to determine whether they should reopen a case under the sua sponte provision of the regulation. Does the board have jurisdiction where the alien has departed and has filed an untimely motion for reconsideration? I would submit that the board does have jurisdiction under that scenario. The regulation at issue 1003.23, or .2 in this case, 23, when an immigration judge is the departure bar and that if someone departs the United States, they're not eligible to file a motion to reopen. However, we would contend that that does not apply to sua sponte motions to reopen. The language states that the board at any time, and this is 1003.2a, the board may at any time reopen or reconsider on its own motion any case in which it's rendered a decision. It says may, but then under the departure bar, it says it shall not. So doesn't the shall not supersede the may regulation? Well, I think the may is saying that there's no requirement that any motion to reopen be granted by the Board of Immigration Appeals. I think that the may is just referring to the discretion to do so. And this position is supported by the board's later decision after Armendariz and Bono's in Alaska in that particular case, which is cited in a number of cases in support of the departure bar or saying that the departure bar is not applicable. What do you do with the BIA's own decision that we don't have jurisdiction under 1003? I mean, isn't that decision entitled to an extraordinary amount of deference? I would argue not because it's not in conformity with the regulation in the case. And in Bono's in Alaska, the issue in that particular case was the alien filed a motion to reopen, arguing that he failed to receive notice of the case. Why is that not in conformity with the regulation? The BIA was interpreting its own regulation. Well, the regulation specifically states that with respect to sua sponte motions, the board may at any time. So it's specifically saying at any time. It's not limiting that any time to any time while the alien is in the United States in that part. It's saying at any time that the board may reopen a case sua sponte. Yeah, but there is another regulation that says a motion to reopen or a motion to reconsider shall not be made by a person who is subject to exclusion to deportation. Reading those two together, how can we not conclude that while they may, they have mandated that your client can't file this? I would submit that that particular regulation, that subsection D of 1003.2, applies to motions that are not sua sponte that don't say at any time. Because the regulation was issued prior to the statute. What do you do with the second sentence of that provision that Judge Rendell just read, which says any departure from the United States, including a removal, shall constitute a withdrawal of such motion? Well, I would submit that on this particular case, the motion was actually filed subsequent to the removal from the United States. But what we would argue is one, the removal in this case was involuntary, which is at least in the Ninth Circuit, made a difference in how they interpret the post-departure bar. But secondly, that the regulation clearly states that this can be filed at any time. And even the board has chipped away at Armendariz in Bolton, Alaska, when it read the at any time provision of motions to reopen in an essential order based on lack of notice. In that particular case, there was no notice, and they read the at any time language to mean at any time, even though that the alien had departed the United States. So we would submit that the at any time language in this particular case means even after the alien has departed the United States, and that subsection D applies to other motions that there is a time limit for, such as the 90 days or the 180 days for exceptional circumstances for failing to appear. We have to conclude that the BIA was just dead wrong in interpreting 1003 subsection D. I believe that they were wrong in interpreting that. Additionally, there's other cases such as the Fourth Circuit case in William, which is invalidated. The regulation as a whole has stated that it's in conflict with the particular statute that gives the Board of Immigration appeals the authority to reopen cases. And in that... But you're not within, I mean, you're not arguing Presto-Espinal, are you? I mean, you realize this was an untimely motion, which distinguishes it from the situation where you file a timely within the 90-day motion, which by statute is entitled to be filed. You're not arguing that Presto-Espinal helps you, are you? Well, it helps us based on the language that's contained therein. However, it's not on point with what we're arguing here, that the particular holding in that case did apply to a timely motion to reopen, rather than one that's untimely. Now the Sixth Circuit has extended that. The Sixth Circuit came out with the Predisi case, which stated that... Which discussed timely motions to reopen. And then an unpublished case in Lisboa subsequently came out and said that that applies to even sua sponte motions, that a sua sponte motion to reopen can't be denied solely based on lack of jurisdiction. How do you get around Armendariz-Mendez? How do you get around that case? Well, I mean, obviously that case has been severely criticized by many courts, including the William Court that just invalidated the regulation as a whole. The reason that the motion to reopen statute was enacted in IRA-IRA was to expedite the physical removal of those aliens not entitled to admission to the United States and to increase the accuracy of such determinations. And Espinal talks about that, and that's part of the basis for the holding in that particular case. So IRA-IRA makes clear that just simply because someone's departed the United States, they shouldn't be deprived of a remedy in order to either reopen their case or... The only case I find concerning an alien who has departed, who has filed an untimely motion is Zhang out of the Second Circuit, which goes completely against your position. Can you distinguish that case? On that particular case, Zhang did not argue, consistent with what's in William, that the regulation was invalid as a whole, which was... We cited William in our brief, arguing that the regulation essentially is invalid as a whole. Secondly, obviously in the Zhang case, the Second Circuit was concerned about the interpretation from the board, but found that that interpretation was ultimately entitled to deference. But I believe that based on the arguments that we've raised, that it is not. The Lisboa case, additionally, Ninth Circuit case law... You're saying that the BIA's interpretation in our case is not entitled to deference? In which case, I'm sorry? In our case. Yes. I mean, I believe that it's incorrect, as a matter of law, that there's no jurisdiction... To say that there's no jurisdiction simply because someone has departed the United States over a sua sponte motion... No, it's not simply that. It's also that the motion was untimely. Correct. If the motion had been timely, I think we'd have a different case. Well, certainly. I mean, the motion was untimely due to the unfortunate circumstances of the amount of time that it took to vacate the plea, but the motion was filed sua sponte. And I would submit that the at-any-time language in the regulation means what it says, and that at any time, the motion can be filed. So I would submit that, in this particular case, that the board did have jurisdiction. And looking at the... As I stated before, looking at the subsequent BIA case, where it said, well, we don't have jurisdiction over motions to reopen, however, we do in one particular subset of cases, and that's when an alien's filing a motion to reopen based on an in absentia order stating that he had lack of notice, and in that particular provision, it also states at any time. So we would submit that that at-any-time language applies in this particular situation, and that my client does have the right to file this particular motion. Could you bring us up to date on what's going on with Mr. Desai? Because he is... I mean, the very basis for the motion is that his conviction, which led to his removal, has been vacated. Correct. What's the current status of that case? Of that case? Well, I mean, if you would... I mean, my understanding of that is that it's still a case. It was vacated, but it's still technically a pending case. It hasn't been necessarily resolved because it's just been vacated. It's a pending matter. It's a... I would say, yes, it's a pending matter that he may have to deal with if he comes back if the prosecution decides they want to deal with that after all these years. Thank you. All right. We'll hear from you. Thank you. Thank you. Ms. Walker? Good morning. Tiffany Walters, respondent, the United States Attorney General. As an initial matter, I'd like to point out that the board, in addition to finding it lacked jurisdiction under the departure bar, also denied the motion on its merits. So it's unnecessary for the court to reach the question of the departure bar because... Well, is that entirely clear? Yeah. Well, the board says that even if we had jurisdiction to consider his motion, his motion would be denied and it goes on to explain why it would be denied. Don't we have to assure ourselves that we have jurisdiction, that the board had jurisdiction and we have jurisdiction? I'm sorry? Don't we have to assure ourselves that we have jurisdiction and that the board had jurisdiction before we reach the BIA's merit conclusion? Well, I think that would... The court could definitely address the question of jurisdiction, but I think it could be resolved in this case by just finding that... Skip over jurisdiction and get right... In the end, I think the result would be the same. But as to petitioner's arguments regarding the jurisdictional question, we would contend that the sua sponte context is entirely different than the statutory motion to reopen context. In presto espanol, this court really focused on the issue of the statutory right to file a motion to reopen, but that's explicitly limited to one motion to reopen within 90 days. And this case falls outside of the statutory right to file a motion to reopen. But in Plume, we said that we do have jurisdiction to review questions of law arising out of motions that are calling on the sua sponte authority. And here, to the extent that the BIA said the departure bar continues notwithstanding anything else, I mean, that's a question of law. Yes, certainly the court has jurisdiction to reach that issue. We don't contest that at all. Simply, we would just argue that the board's interpretation in matter of armendariz is reasonable. It's an interpretation of its own regulations, which it's entitled to deference unless it's plainly erroneous or inconsistent with the regulation. Well, how about the Williams case? The Williams case, again, focuses on the statutory motion to reopen and the right to file a statutory motion to reopen, and that's just not applicable in the situation where you have a sua sponte motion to reopen. So you would say that Williams is the correct approach in the Williams case, the dissent? Yeah, well, we would defer to this court's decision in presto espanol in terms of timely motions to reopen. We would just argue that the court's position in Zhang in the Second Circuit is the appropriate approach in this situation. Isn't there something oxymoronic about a motion to reopen sua sponte? I mean, when I was a trial judge and I did things sua sponte, that meant that I did things without anybody asking me to do it. It doesn't sua sponte mean on the court's own initiative? Certainly. There's sort of an inherent inconsistency. Is this a pervasive issue that the government deals with in these types of cases? Are people filing motions to get a court to do something on its own initiative, even though it's not on its own initiative? In this context, it's quite common. I think the idea is that perhaps the petitioner or the alien is alerting the board to particular circumstances that might be exceptional, and the board on its own is unlikely to be aware of any exceptional circumstances that might arise after the removal order. But truly, the regulation goes to what the board is doing on its own, sort of as a matter of administrative grace. This is a regulation not promulgated under the statute, but just promulgated by the attorney general in a broad grant of jurisdiction to manage the cases before it. And just as he has discretion to promulgate a regulation allowing for this form of administrative grace, he also has the ability to limit his jurisdiction and say, we're not going to exercise it in cases where the alien's already departed the United States or been removed. But in those cases, the- So if it's truly a matter of grace, in theory, if the board were very, very busy, it could just ignore every one of these motions to reopen sua sponte? It's entrusted to the board's unfettered discretion to quote this court's decision in Calle Vigiles. So the board is entitled to its own discretion. So if you've been deported, then statutorily, you've got a 90-day window to file your motion. And if you don't, then- You're just not entitled to that form of relief. Exactly. Except perhaps the exercise of administrative grace. Exactly. Isn't it kind of unusual that, I mean, based upon the sentence that Judge Fuentes noted, shouldn't the BIA have just said, you know, you're departed. We're considering your motion to have been withdrawn. I mean, but if they did address the merits and said it's unclear as to whether he'd be eligible for 212C relief, didn't say isn't, said unclear, equities, et cetera, you know, why shouldn't we remand for them to be more clear as to the merits? It looks like they're entertaining the merits. If they entertain the merits, shouldn't we make sure that they've done it appropriately? Well, in this case, I think the board correctly found it was unclear whether or not petitioner is statutorily eligible. I think there's an- At this time- Is that what the board should do when it's presented with these? Shouldn't it say, redeem your motion to have been withdrawn because you've been departed? When they address the merits, shouldn't we make sure they're doing it appropriately? The court, or the board could have found that the motion was withdrawn. I think the board's alternative holding is a reflection of the ongoing litigation that we see in this area. I think the board is attempting to provide- Not as suspenders. Exactly. So that they don't end up having to relitigate a huge number of these cases. Knowing that our court might be inclined for them to do so. Is the idea of sua sponte jurisdiction an opportunity for a court to correct a mistake, an error, perhaps an injustice? I mean, isn't that the idea of the court stepping in and saying, I'm going to entertain this application or request, I'm going to exercise jurisdiction, and this is what I'm going to do. It's geared towards exceptional circumstances. So that could be a situation where injustice was done. And the board, in fact, analyzed this case and says, this isn't a case where petitioner's conviction was vacated such that he's no longer removable. This is a case where the alien still concedes that he's removable, and that the alien was not eligible for the form of relief that he had. Wait a minute. He was removable because the conviction was outstanding at the time that he was removed. He was actually found removable on two separate grounds of removability. One was based on the conviction that was vacated. Presumably now that that's been vacated- But it was vacated after he was removed. Right. But he was also found removable on a second ground, based on a second conviction entirely unrelated to the vacated conviction. That conviction still stands. Would that alone have been enough? Yes. He's convicted as an aggravated felon because he's been convicted of a theft or burglary offense with a sentence of more than one year. They say the record indicated that he had been convicted of several other offenses which could subject him to removal on other grounds. It doesn't sound like they're relying on the sole remaining one. And it seems to me if they said he's removable based upon X and Y, they can't go back afterwards and say, oh, and by the way, we've got Z and A and B. Well, the sentence directly before that says it refers to his aggravated felony conviction. But the 94 theft conviction is sufficient. Right. And he says this conviction, the 94 theft conviction, formed a separate basis of removability. This is not a case where his ultimate removability is at issue. Was he eligible to make a 212 application, the old 212, where a conviction would not necessarily bar his application to prevent removability? A 212C application may waive this 1994 theft conviction, so he might be eligible for relief in that regard. The board notes that there's a number of other convictions that could render him eligible. And I think the point is that if proceedings were reopened, DHS would be free to lodge additional charges of removability under this court's case law that Residue Codd wouldn't attach. And he has a number of convictions. It's unclear whether DHS would choose to do that or what exactly would happen if proceedings were reopened, which I think is part of why there's a number of factors outstanding where it's hard to determine for sure if he would be eligible or not eligible for 212C upon reopening. Can the BIA look to convictions that are outside the notice to appear in making its decision? Well, surely in the sui sponte context, where they're determining whether or not this is an exceptional circumstance such that reopening should be done, the different convictions that he has in addition to these convictions are relevant both for the equities and for determining whether or not there's any point in reopening, especially where the aliens were moved, to bring him back to apply for relief, which he may or may not be eligible for. Does the BIA consistently apply this departure bar? Because if it did, it would seem unusual that it would go into the explanation that you've pointed out as to why there's no essential entitlement getting into the merits. Do they consistently apply the departure bar? They do consistently apply it, although this has been a very common type of board decision we've seen recently, I think just due to the increased litigation on the issue. The board doesn't want to get in a position, I think, where it has to relitigate all these or readdress every single one of these. Why is it jurisdictional, though? I'm still confused by that because, as I understand your argument, you're saying it's a matter of administrative grace. The board can step in sui sponte at the request of the movement in an exceptional case. It has the power to do that, you're telling us. Well, then if it has the power to do that, then it necessarily has jurisdiction, doesn't it? And hasn't the Supreme Court been careful the last decade or so to really whittle down the difference between things that are truly jurisdictional and rules that are merely claims processing rules? The Supreme Court has, and this is a rule that dates back, I think, to the 1950s. It's long been addressed in terms of jurisdiction. And if the court, what I'm suggesting is, and feel free to disagree, but I'm suggesting that if the BIA has the power to entertain it and grant the motion, doesn't it necessarily follow that it has jurisdiction over the matter? The BIA, or the Attorney General, pursuant to his authority to promulgate regulations, also has the authority to contract the jurisdiction of the agency when it's entirely, the original authority is entirely a creature of regulation. So essentially he's... Well, sure, he could do that by regulation, but here there's no regulation that says you can't file a motion to seek that administrative grace that we're talking about. Well, the two regulations read in tandem limit the sua sponte reopening power in the context of a departed alien. It says that you can't ever sua sponte reopen if the alien's departed? Well, the departure bar regulation applies to sua sponte reopening. There's nothing in the regulations... Well, then you could never grant it then. Otherwise they'd be violating their own regulation. I'm sorry? Well, they could grant it in cases where the alien has not departed the United States. No, no, I'm talking only about departed. Okay. Yeah, if you read the regulation, the departed person cannot file it, cannot file, and you have to treat it as if it's been withdrawn if it is filed. So that's, I think, what Judge Harden is saying. You can't address it by virtue of that regulation, correct? I think that is, in fact, the case, that the board wouldn't have jurisdiction. And in this case the board went further, I think, just because of the legal context. All right, so then if the board lacks jurisdiction, then you cannot, I think, credibly argue to us that the board can step in in those exceptional circumstances. If it lacks jurisdiction... I mean, think of a simple example, right? We only have jurisdiction if the notice of appeal is filed within 30 days. So that means when it's filed on the 31st day and we look at the file and it's the most sympathetic of cases, we toss those cases out, unfortunately, because of the jurisdictional bar. It's a very unforgiving rule. What I'm trying to get you to help us with is, is this truly a jurisdictional issue, or is it not? This is a jurisdictional issue, and the board could have stopped right after the paragraph on matter amandaris. Well, I don't think it's a matter that the board could have stopped. It's that they could never grant it because they must treat it, says they should treat it as if it's been withdrawn. So where do we get, you know, we're not persuaded the equities existing constitute an exceptional situation. Well, warranting the board's exercise of discretion under the regulations, as written, it would look like they don't have that authority. Yes, they don't have that authority. I think the board here is doing the alternative argument simply because they've lost this issue in a number of different courts of appeals, and the question is if this jurisdictional bar gets struck down. It's not jurisdictional with regard to timely motions, though. No, and in fact, the board addresses the timeliness before it even refers to matter amandaris. There's nothing in the statute itself that says it's jurisdictional or not jurisdictional. It's what the BIA says. It's the BIA's interpretation of its regulations, and that's just how the board has made that clear. Are there any Supreme Court cases that give regulatory agencies the power to establish or limit judicial jurisdiction the way the Supreme Court has deferred to Congress's decisions to limit the jurisdiction of federal courts? In Union Pacific, the Supreme Court definitely prescribes constricting jurisdiction where the jurisdiction is pursuant to a statutory congressional grant. That's an easy one. We know that Congress can shrink or expand our jurisdiction because they could put us out of business. Your jurisdiction. Sure. We're creatures of congressional grace, if you will, right? The Supreme Court's the only constitutionally required court, so we know Congress can expand and constrict our jurisdiction. Can regulatory agencies expand or constrict the jurisdiction of federal courts? Is there any authority for that? I don't believe there'd be any authority for that. I think the board's only attempting to constrict its own authority. All right. Then if the agency promulgates regulations that purport to constrict our jurisdiction, we don't need to defer to those then? Well, this is really constricting the board's jurisdiction to hear the motion to reopen, not your jurisdiction to review it. I mean, you're still free to review the departure bar as a legal issue under Plumey. All right. So then the question becomes, as long as the agency constricts its own jurisdiction in the regulations in a manner that is consistent with what the statutes say, the jurisdiction is still limited? Yes. Is that your argument? Yes. Okay. Thank you. If I'm not mistaken, the BIA had taken the position that timely motions cannot be considered for jurisdictional grounds, and I believe that Presto Espinal, if I'm not mistaken, is the case. He said, no, BIA, you're wrong about that. And the motion can be heard. If a court can step in and say the BIA is wrong about timely motions, why can't we say you're wrong about untimely motions? Why can't we agree with Mr. Bratton? I think there's a distinction between the board's interpretation of the statute and the timely motion to reopen, and the board's interpretation of its own regulations, which would be entitled to more deference. But they interpreted their own regulations before, and they were wrong. They did, but the court found it in terms of the statute because it conflicted with the statute, which entitles the alien to file one motion to reopen within 90 days. The regulation as applied to a sua sponte motion to reopen doesn't conflict with the statute. The alien in a sua sponte position is not entitled to file a statutory motion to reopen. The only reason that they're able to seek any form of relief is this matter of administrative grace. A sua sponte request that the board act on its own motion, on its own authority to reopen the case due to extraordinary circumstances. So I think that's the distinguishing point. You want the Third Circuit to follow the Second Circuit's opinion in Zane? Correct. That would be our position. All right. If there are no further questions, thank you. Mr. Bratton? Could I ask you to begin with where your opposing counsel left off? Why shouldn't we simply follow what the Second Circuit did? I believe the Second Circuit's decision is wrong for the reasons we set forth in the brief. It's inconsistent with Bowness and Molasco. In the Armendariz case, the board described an alien's deportation from the United States as a transformative event, something that changes the way that they look at cases. However, that's inconsistent with IRA-IRA, which specifically stated that someone that's filing a petition for review can do so from outside the United States. But it has to be under certain rules and regulations, though, right? It needs to be timely. I mean, is opposing counsel incorrect when she states that there is no statutory right to file a motion to reopen sua sponte? There's a statutory right to file a motion to reopen. However, the regulations actually are what's set forth when an untimely motion can be filed or when a motion can be filed sua sponte. So it came out of the regulations. And there's no statutory right to file an untimely motion? There's nothing in the statute gives you the right to file an untimely motion. The courts have found that the time limits are not jurisdictional. However, there are time limits that are set forth in the statute. And we would submit that, and just looking at the Sixth Circuit cases, the Prodisi case and the Lisboa case, which was cited in the 28J letter, that talks about jurisdiction of the agency versus claims processing. And in both cases, and the Lisboa case was a sua sponte motion to reopen, the board, how you can't simply find that there's a lack of, I'm sorry, the Sixth Circuit, how that the board can't simply find that there's a lack of jurisdiction because the aliens departed the country. And those cases rely on the Union Pacific case. Was that a timely motion? The Lisboa case was an untimely motion. As far as the Williams case also, and the Fourth Circuit case was also, was not a timely motion. They analyzed the case under a statutory ground and came to the conclusion that the entire regulation was invalid. So in the Fourth Circuit, under their law, that entire regulation is invalid. And so in the Williams case, it was a motion that was filed out of time, and that was not a timely motion. So we would submit that the Zhang case is erroneously decided and it's inconsistent with the language of the regulation. It's inconsistent with IHRA. IHRA, with respect to motions that, with respect to motions and being able to pursue remedies while you're outside the United States. Because a concern behind IHRA was to make sure that we get these decisions right, but also to make sure that if someone is removable, we remove them from the country. So one of the things that they did is they said, okay, if you're outside of the United States, you still can pursue remedies in your immigration court case or with the Board of Immigration Appeals. So I would submit that it's inconsistent with IHRA. And additionally, it's inconsistent with subsequent board decisions in Bowness and Alaska, which specifically carved out an exception and looked simply to the regulation, which states at any time. So I would submit that there is jurisdiction, that the board can't simply say, because the alien is no longer in the United States, we lack jurisdiction. That would be consistent with the Ninth Circuit. That would be consistent with the Sixth Circuit. So I would submit that this court does have jurisdiction. The board does then go on, obviously, to analyze the case and the merits of the case to determine whether sua sponte reopening is warranted. And we would submit, as stated in the brief, that there are legal errors with respect to that. Those legal errors are with respect to casting doubt on my client's eligibility for 212C relief, for even considering those other convictions. Matter of forti states that in looking at 212C eligibility, you're only to look at what's charged in the notice to appear. And in this particular case, the Department of Homeland Security made an express decision that they were only going to charge these two convictions. So in this particular case, I think it's clear that my client is statutorily eligible for 212C relief if his case is reopened. I've commonly filed, while my clients have been in the United States, I've commonly filed untimely motions to reopen, to request sua sponte relief where my client has become eligible for relief based on a vacated conviction. Can I ask you, the case you're referring to, Bones in Alaska? Yeah. It's not in your brief? It's a BIA case that is cited in all of the other cases. Oh, okay. It's not cited in your brief. And that came out after Armendariz, and it's discussed in William, and Prudisi, and Zhang, and all of the other cases. So we would submit that the proper remedy in this case is to remand to the Board of Immigration Appeals for the determination of the motion. And explicit instructions that the board does have jurisdiction to consider the motion and to consider it under the proper legal standard. So we would ask for a remand in this case. Thank you. All right. Thank you. Case is well argued. We'll take it under advisement.